Good morning, all right, Ms. Nazemi, would you like to reserve any time for rebuttal? Yes, yes, Your Honor. How much time? Eight minutes. Eight minutes, all right. So you'll have to keep track of the clock yourself. I'll try to warn you when we're approaching your eight minutes, but you're going to be responsible for stopping your argument when that time approaches. Thank you, Your Honor. All right, go ahead. Your Honor, the reason I'm here in front of you is to basically I'm asking for justice, which hasn't been done. for the past several years. Unfortunately, due to the lower court's grievous mistake, I've lost everything. My family was sabotaged, and I've sent documents to 25 different government entities, and they all verified that Rolls-Royce were actually forged documents. I've never had a loan with them. I've never known them. I had savings accounts and checking accounts with them. Somehow they figured out my address, and during the government handouts, they kind of went after minorities, women, and forged documents, and because of that and because of their kind of strong name, I cannot really address this any stronger that Judge Taylor actually said on the record, without even Wells Fargo being present, that she believes them and they called Judge Taylor. And I told her, Judge, I'm telling you, I don't have anything. Wells Fargo has to prove their point. Ms. Nozemi, let me ask you. I want to focus on the issue that's before us. I appreciate it. And Judge Taylor dismissed your adversary action, and it sounds like what you're arguing is that she shouldn't have dismissed it. But you didn't appeal the dismissal, and you had 14 days to appeal the dismissal. But later, you filed a motion to vacate. Now, you did file an appeal within 14 days of the denial of your motion to vacate, but isn't this matter before us? What we have to decide is whether the motion to vacate was properly denied and not whether the complaint was properly dismissed. Your Honor, I am not an attorney. The reason I'm here, because Judge Taylor and the gentleman who is Judge Taylor's clerk, I did, when I filed for adversary actions, a few several times, and due to delayed discoveries, I did it again. I asked them. The delayed discoveries is I had forensic auditors from the government agencies, one of them being CFPB, examining the documents that Wells Fargo actually sent them. They never sent anything to Judge Taylor indicating that they have a possession or any type of a claim against my house. They never sent anything to Judge Taylor, nor did Judge Taylor even ask them. So because of that, I did my own homework, and I demanded these government entities If I can interrupt. The problem, one of the problems that I have is that the underlying bankruptcy in 2019 was dismissed, right? So there is no bankruptcy. And as a bankruptcy court, we're a court of — we are all courts of limited jurisdiction. We have to deal with bankruptcy. I understand that you filed the adversary in part because you believe there was a stay violation, correct? Yes, Your Honor. Rule 60 indicates that if you can go back because of the, how do you say, finding of the fraud, delayed discovery, Rule 60 allows you to go back and reopen that specific bankruptcy. But you're not seeking to reinstate the 2019 bankruptcy. That's the problem, right? The underlying thing that gives us jurisdiction is that there is a bankruptcy, and there is no bankruptcy anymore. And you don't seek to have the bankruptcy from the past reinstated. You just want to litigate with Wells Fargo, and I understand that. But the only thing that really touched upon bankruptcy was your claim that they violated the stay way back when by the foreclosure. And that's the whole, what we call the NREM matter, which is addressed in this bankruptcy, and we get that. But if we don't accept that, then there really is nothing related to bankruptcy in your case, is there? I do want to go back, Your Honor, and do reopen that specific bankruptcy. That's why, according to Rule 60, I requested for that specific bankruptcy case to be reopened and to review. And they said Judge Taylor is no longer ---- I thought the only thing you did after you reopened was filed the adversary case. No. I asked for it to be reopened, and then I filed the adversary action. And what is else going on in the bankruptcy? Because the bankruptcy is still dismissed. Correct. Because Judge Taylor refuses to do anything on it. But what did you want her to do in the bankruptcy? I want her to reopen the case and re-review the whole thing, and then if ---- And you said the whole thing. What does that mean? Because it really sounds like it's Wells Fargo. Yes. It was only Wells Fargo. I've never had any loan with anyone, Your Honor. That's what I think Judge Taylor was saying, is that you can go to another court, a court of more general jurisdiction, which means they consider everything, not just bankruptcy. And, again, that's the problem, is that we are such a limited jurisdiction to bankruptcy that if you do not have the underlying bankruptcy, there's really no reason for it to be within a bankruptcy court. Correct, Your Honor. But that specific issue goes around that specific problem. I filed bankruptcy on the 26th of September, 2020 was ---- I'm sorry, 2019. They were served. Wells Fargo was served. On 27th of that same month, which is the day after, Wells Fargo moved forward in foreclosing and actually, yeah, I'm not sure what they did. The whole thing is fraud. They didn't even go to the steps of such and such a courthouse. Yes, Your Honor, I do have another lawsuit against Wells Fargo at the civil side, but this case has to be reopened and Wells Fargo has to return the house that they've stolen through the bankruptcy. From the bankruptcy perspective, again, that very narrow perspective that we're looking at, you're saying it violated the stay that arose when you filed your bankruptcy, and Wells Fargo is saying, no, it didn't because we got this order in the prior bankruptcy that allowed us to record that order for relief in the prior and have it affect the actual property. So any bankruptcy filed in two years later is not subject to that stay. And that's really the only question before us on a bankruptcy issue, isn't it? They never got an order from Judge Taylor to move forward to- That one in the prior case that- They did not. Did not, Your Honor. In 2014, I filed a bankruptcy. That's why, you know, they started harassing me for a while. That's why I had them to send you all these documents from the lower courts. In 2014, we filed a bankruptcy. At the time, I had an attorney. My attorney demanded Wells Fargo to, because they asked Judge Taylor to remove me from stay, and Judge Taylor demanded Wells Fargo to prove their point that, do you have a proof of claim? If you do, I definitely will remove her from stay, and you can go ahead and move forward with the foreclosure, which I never had a loan with them. Judge Taylor was, gave them 14 days. They never showed up. They never brought any documents indicating they have a proof of claim on my property, which is 260 Camino del Cerro Grande. That case was discharged, Your Honor, in 2014. Wells Fargo went away because they had no proof of claim. In 2015, 2016, they regenerated a brand new loan number, which means they just fabricated all the documents, everything that they thought they could get away this time if I take him back to court. They were hoping nobody will find out. So they never got a clear path or any documentations from the lower court indicating that they can move forward with this sale. They did not. There's nothing in any documents that you can find at the lower court that Judge Taylor allowed them to move forward or release me from stay. They just did it because they think they could, they can. Well, I think we'll get into that later. I want to remind you, you're now about six and a half minutes left in your argument So if you want to stop now, we can talk about this later, or you can continue. I can perhaps continue later after I hear his, is that okay? Thank you. Good morning, Your Honor. Andrew Still of Snell and Wilmer for the Applee Wells Fargo Bank. May it please the court. Your Honors, I'd like to start with the question of which order is actually being appealed. As the court noted, it could be the motion to vacate. The order itself, that appears to be the order that was the issue of the appeal. It's titled, it's unclear if it's an order on the motion to vacate, or if it's an order requesting that Judge Taylor transfer the case to another judge. Treating it as order denying the motion to vacate, I believe that is the proper issue in front of the court. On the motion to vacate, it was properly denied. There's nothing new in the motion to vacate that bears on anything that occurred in connection with the motion to dismiss, which was not appealed. All of the fraud, alleged fraud, that's discussed in the motion to vacate relates to alleged fraud underlying the original loan transaction and subsequent foreclosure of the property. It does not relate to any fraud, any alleged fraud on the court itself. Regarding the fact that this court, that bankruptcy courts are courts of limited jurisdiction, that's exactly right. And that was the view that Judge Taylor took when she ruled on the motion to dismiss. She ruled on the core bankruptcy claim. And as to the remaining 16 claims, she dismissed those without prejudice. She had previously dismissed a similar adversary proceeding in 2020 in the same bankruptcy case and made similar findings that these are non-core claims. There's a more appropriate form in which to assert these claims. And that is essentially the same ruling that she made in this adversary, 2024 adversary proceeding. This is not included in the record, but Ms. Nizemi did mention that there is a pending state court lawsuit. We learned about this lawsuit last month, or late December, I should say. And it's a substantially similar lawsuit. It relates to the original loan transaction, the alleged fraud in the foreclosure. That was filed in February of 2024 in San Diego Superior Court. It's case number 37-2024-00010828. It also alleges, that case actually has 24 causes of action. It is largely duplicative. We've met and conferred with the appellant on that case. We believe that service of that lawsuit was defective, but we were waiving that issue. We intend to respond to the complaint. So while this issue itself was not raised in the lower court, I would just like to know that there is no prejudice to the appellant in connection with Judge Taylor's ruling. Because the underlying ruling, at least as it relates to the core bankruptcy issue of the alleged violation of automatic stay, that, frankly, it's a fairly straightforward limited question as to whether the bank had relief from stay, in rem relief from stay under 362 D4, whether it properly perfected that relief by recording the order, which it did. And just to be clear, the bankruptcy case in which it obtained that relief from stay is case number 18-02969 of the Southern District, of course. And that recorded relief from stay order was submitted in connection with the motion to dismiss. It is on the docket, so the allegation that there was no order is just false, and it is part of the record. That order was entered on July 18th, 2018, it was recorded on July 25th, 2018, and pursuant to 11 USC section 362 D4, no future bankruptcy filings would operate to stay the foreclosure. So I can see that the bankruptcy filing in 2019, on September 26th, 2019, the foreclosure still occurred on September 27th, 2019. But the bank had relief from stay and had properly perfected its in rem relief. And that goes, of course, to the motion to dismiss. But we're really not talking about the motion to dismiss and the correctness of that ruling. We're really here for a 60 v 3 motion, fraud, misrepresentation, or other misconduct of an adverse party. And the standard is, of course, clear and convincing evidence. And the fraud must not have been discoverable previously. So does this qualify for 60 v, this motion to vacate? Should that have been granted, the 60 v 3 motion, just looking at that issue? Well, no, Your Honor, because in the motion to vacate, no fraud is discussed related to the issues pending before the court. Well, there's allegations of fraud, but those relate to the general, that Ms. Nazemi's claims in generally of the fraud committed by Wells Fargo and forging the note, right? Well, that's right, Your Honor, but it doesn't relate to fraud on the court. And for that reason, the Bankruptcy Court was well within its discretion to deny that motion. Unless the court has any further questions, I'm prepared to submit. All right, thank you.  Thank you, Your Honor. Nazemi, in the minutes you have left, would you please tell me what new arguments you raised in the motion to vacate? Your Honor. Not the arguments that you raised in connection with the motion to dismiss or in your adversary complaint, but what new arguments were raised in the motion to vacate itself? Sorry, I don't think I'm understanding that question. What we're looking at here, the order on appeal, being the order denying your motion to vacate. Alleged fraud on the court, but was anything new raised? Weren't these, aren't these just a repetition of the arguments you made before? No, Your Honor. Those arguments were made, what I understand you're addressing for the 2019, I apologize, I've gone through so much stress that my brain kind of shuts down. The argument, I understand that you're saying on 2019 when this bankruptcy was filed, on the 26th of September, Wells Fargo cannot assume that they can go ahead and foreclose and do whatever they like because they're Wells Fargo. You raised those arguments in connection with the motion to dismiss your complaint. And I think your motion to dismiss the complaint, I think that order was in May of 2024. Later, you file a motion to vacate. What new in your motion to vacate did you bring to the court's attention? Something different from what was argued before the court in connection with the motion to dismiss the complaint. Because we never had a hearing when Wells Fargo foreclosed on the house on the 27th. Judge Taylor never allowed, they never filed anything for it to be moving forward for the foreclosure. That's why in 2019, if I'm understanding what you're saying, I filed a motion to vacate the, I guess, their foreclosure, meaning to go back and tell the judge they should not have foreclosed on the house when they have nothing proving that basically they broke the law by foreclosing on the house. But you raised those arguments previously, correct? Right, that's why I'm saying they broke the law. So are you raising this in your motion to vacate, you're repeating the same arguments you made before? Sorry, what date was that motion? Well, I think the denial of your motion to vacate was on June 4th of 2024. I think the motion to vacate was actually filed on May 31st of 2024. So the arguments in connection with the dismissal of the complaint, I think, were earlier in May. Yes, Your Honor, because I, I understand, I'm sorry, because I also filed it back in 2019, begging for justice to be served. In 2024, the reason for that was the delayed discovery, meaning that up to that point, I was just saying, I have no loan with these people, and they're forging documents and all. It was just my saying, not documents being approved by government agencies. When I requested one to CFPB in 2020 and 2024, asked CFPB to ask Wells Fargo, they stole my house, what do I do? Wells Fargo actually submitted directly these documents to CFPB, and they had it verified by a forensic auditor. I'm sorry, my tongue gets twisted. And that auditor said, all these documents are fraud. They actually forged a notary stamp and put it in the back of the documents, which has nothing to do with that house. It's the same address, everything is correct on it, except this document is forged and made up. So that's why I ran back to Judge Taylor, telling him, look, I was telling you throughout this whole time, but now I have the proof for it. Can you please reopen this case and go back? And now it proves that Wells Fargo should not have foreclosed on the 27th of September 2019 without the judge's permission. The judge is sitting there for a reason. But all those arguments, those were made by you before Judge Taylor ruled on the motion to dismiss your complaint, correct? No, we never went to the court with Judge Taylor, Your Honor. I did not have a hearing in 2019. They foreclosed on the- I'm talking about the arguments you just were outlining for me. Weren't those arguments made to Judge Taylor before May 15th of 2024? Yes, those arguments were made in her court, and she just said they called me and I believed them. This was like two weeks after they foreclosed on my house and they took my house. I demanded to see her because I never did see her. I said, look, they stole my house, Judge Taylor, because of this reason. And she said, they just called me and I believed them. You think Judge Taylor was wrong, but she did dismiss your complaint. You didn't file a notice of appeal. I did, Your Honor. Not within 14 days of the date. I did, Your Honor. Fourteen days of when she dismissed your complaint. I did, Your Honor. I filed that, and also I filed an adversary indicating why I feel that I should have an adversary hearing with the jury, trial jury. Your Honor, something is wrong with that courtroom. They're hiding my stuff. When I call them, things are missing. And I went and I demanded for the hearing, you know, transcripts to be sent to you. They're not. They just disappeared. I'm not, you know, it's just that's why I have these documents from the government entities, because something is wrong with that courtroom, Your Honor. They're hiding things. They're doing things illegally. And there's a lot of things, shady stuff is going down there. That's why I lost my house without anyone even questioning. I mean, why would I even be here in front of you, Your Honor, if they did their job correctly and they protected my constitutional rights, civil rights, due process? I had no due process. And they're hiding every documents I'm giving them. It's disappears. Somehow it disappears. I mean, it was in the computer. One day I went there and I saw it, and the next day it's not there anymore. So this is not your regular, Your Honor, I'm, again, I wouldn't waste your time if I didn't think there's something unjust here. It's not just me. There's a lot of shady stuff that's going on in that specific courtroom. That's why Wells Fargo thought they could get away with it, and they did. They sold my house. And, you know, here I'm in front of you asking for your justices to serve justice in my, you know, civil rights. That's all I'm asking. The house was sold to a third party, right? It was Wells Fargo, didn't you, Your Honor? They sold it to someone who's from Mexico, because I'm still the title owner. They, under the, I have the- So are you still in the house? I'm not in the house. They took the house. Took the house, all right. They took the house by force. They gave it to these Mexican entities, and the title has not been transferred yet. All right, thank you. Thank you for your argument. You're over time. We'll consider it, and we'll issue a ruling promptly. Thank you. May I ask you one last thing? Would you please look into this and demand Wells Fargo to give me my house back while we're still at the civil case to get them, you know, justice served? We will issue a ruling considering all the pleadings and the arguments. Thank you. All right, that's the end of our calendar. The court is in recess.
judges: Brand, Spraker, and Corbit